# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 13-126V
Filed: May 6, 2014
Not to be Published

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
MARGARET GARRISON,                                     \*
                                                       \*
                          Petitioner,                  \*
                                                       \*
     v.                                                \*     Influenza vaccine; GBS; five-
                                                       \*     month onset; Parkinson's disease;
                                                       \*     motion for decision on the record;
SECRETARY OF HEALTH                                    \*     no medical expert support
AND HUMAN SERVICES,                                    \*
                                                       \*
                          Respondent.                  \*
                                                       \*
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Danielle A. Strait, Washington, DC, for petitioner.
Ann D. Martin, Washington, DC, for respondent.

**MILLMAN, Special Master**

## DECISION[1]

Petitioner filed a petition on February 19, 2013, under the National Childhood Vaccine Injury Act, 42 U.S.C. §§ 300aa-10–34 (2006). Petitioner alleges that influenza ("flu") vaccine caused her Guillain-Barré syndrome ("GBS"). Pet. ¶¶ 2, 4, 6.

---

[1] Because this decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this decision on the United States Court of Federal Claims's website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the categories listed above, the special master shall redact such material from public access.

Although petitioner alleged she received flu vaccine in July 12, Pet. ¶ 2, she received flu vaccine on August 20, 2012.  Med. recs. Ex. 13, at 3.

On May 5, 2014, petitioner filed a Motion for a Decision on the Record, stating: "Petitioner will not proffer the opinion of a medical expert and consequently elects not to pursue a formal causation hearing with expert witness testimony." Pet'r's Mot. ¶ 10.

The undersigned rules that petitioner has failed to make a prima facie case that flu vaccine caused her GBS.

**FACTS**

Petitioner was born on August 9, 1938.

The medical records indicate that petitioner suffered from numerous health problems prior to her flu vaccination on August 20, 2012.  On November 4, 2011, petitioner saw a neurologist, Dr. Robert S. April, and complained of trouble with her handwriting.  Med. recs. Ex. 2, at 69.  Dr. April noted petitioner had likely had progressive motor changes for a long time.  Id.  He also noted she had weakness on her right side, twitching around her right eye, tingling in her right fingers, as well as chronic obstructive pulmonary disease, coughing, and bronchiectasis.  Id.  Petitioner had abnormal gait, was slow to rise and walk, and had a fine tremor in her outstretched hands.  Id.  She also had an abnormal EEG.  Id.  Dr. April diagnosed petitioner with an atypical form of Parkinson's Disease.  Id.

On January 9, 2012, petitioner saw Dr. Rachel Saunders-Pullman, also a neurologist.  Med. recs. Ex. 6, at 2.  Dr. Saunders-Pullman wrote that petitioner's husband reported she had developed a shuffling gait around 1995, had developed rest tremor on her right hand about five or six years earlier, and had suffered falls in 1999, 2007, and 2009.  Id.  Petitioner's husband also reported slowness in movements, weakness in her right side, micrographia, hypophonia, fatigue, short-term memory problems, and word-finding problems during the previous four to five months.  Id.  Dr. Saunders-Pullman noted petitioner had a narrow-based, slow, and cautious gait, mild hypomimia and hypophonia, and cervical stenosis.  Id. at 4.  Dr. Saunders-Pullman found petitioner's symptoms consistent with a diagnosis of Parkinson's disease.  Id. at 5.

On August 20, 2012, petitioner received flu vaccine.  Med. recs. Ex. 13, at 3.

Five months later, on January 28, 2013, petitioner was admitted to Beth Israel Hospital.  Med. recs. Ex. 6, at 108.  Her history was that she had Parkinson's disease and was ambulating independently the prior week.  Id.  About one week previously, she had a cough but no fever.  Id.  In addition, for one to two weeks, she had lower back pain that was now radiating.  Id.  She had about five days of gait difficulty and became quadriplegic with respiratory failure.  Id.  The diagnosis was acute inflammatory demyelinating polyneuropathy or acute motor axonal neuropathy.  Id.

On March 2, 2013, petitioner saw Dr. Ross I. Kaye, who noted she had lower extremity weakness that developed five days after she had a flu-like illness at home. Med. recs. Ex. 6, at 63. The weakness has been progressive in an ascending pattern, resulting in respiratory failure requiring intubation, now involving all extremities and facial muscles. Id. She had absent deep tendon reflexes and an electromyography consistent with peripheral nerve neuropathy. Id. A lumbar puncture showed elevation of protein in her cerebrospinal fluid. Id.

## DISCUSSION

To satisfy her burden of proving causation in fact, petitioner must prove by preponderant evidence: "(1) a medical theory causally connecting the vaccination and the injury; (2) a logical sequence of cause and effect showing that the vaccination was the reason for the injury; and (3) a showing of a proximate temporal relationship between vaccination and injury." Althen v. Sec'y of HHS, 418 F.3d 1274, 1278 (Fed. Cir. 2005). In Althen, the Federal Circuit quoted its opinion in Grant v. Secretary of Health and Human Services, 956 F.2d 1144, 1148 (Fed. Cir. 1992):

> A persuasive medical theory is demonstrated by "proof of a logical sequence of cause and effect showing that the vaccination was the reason for the injury[,]" the logical sequence being supported by "reputable medical or scientific explanation[,]" i.e., "evidence in the form of scientific studies or expert medical testimony[.]"

Althen, 418 F.3d at 1278.

Without more, "evidence showing an absence of other causes does not meet petitioner's affirmative duty to show actual or legal causation." Grant, 956 F.2d at 1149. Mere temporal association is not sufficient to prove causation in fact. Id. at 1148.

The Vaccine Act does not permit the undersigned to rule for petitioner based on her claims alone, "unsubstantiated by medical records or by medical opinion." 42 U.S.C. § 300aa-13(a)(1) (2006).

Petitioner states in her Motion for a Decision on the Record that she will not be providing an expert report to say that flu vaccine can cause GBS five months later and that it did so in this case. Without either medical record or expert medical support that flu vaccine can or did cause GBS five months later, petitioner has failed to prove the three prongs of Althen. The undersigned has not previously ruled in favor of a petitioner where the onset of GBS was greater than two months after receiving flu vaccine. See, e.g., Corder v. Sec'y of HHS, No. 08-228V, 2011 WL 2469736 (Fed. Cl. Spec. Mstr. May 31, 2011) (dismissing a petition for failure to make a prima facie case of causation in fact where GBS began four months after flu vaccine).

Petitioner has failed to make a prima facie case. This petition is hereby **DISMISSED.**

## CONCLUSION

      This petition is **DISMISSED**. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**

Dated: May 6, 2014                                        s/Laura D. Millman
                                                                                                    Laura D. Millman
                                                                                                    Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.